Lauriat, J.
Leonard Fruchtman (“Fruchtman”), currently an inmate at MCI Norfolk, filed this action pro se under 42 U.S.C. 1983. Along with his complaint, Fruchtman filed an affidavit of indigency and a request for waiver of fees, which was allowed ex parte. On January 15, 1998, the defendants moved to vacate plaintiffs indigency status, and to stay the proceedings in this action until he pays the required civil action filing fee.
The defendants assert that Fruchtman should not be considered indigent since his prison account statements show that he has regularly received income. In addition, the defendants have offered plaintiffs own sworn affidavit, filed in another action, in which he has admitted that he owns and profits from several businesses currently in operation. While Fruchtman contends that the court’s decision to deny him indigency status would financially harm him, and infringe upon his constitutional right to access the courts, the defendants claim that he simply does not qualify as indigent within the meaning of G.L.c. 261, §27A.
After hearing the arguments of the parties, and for the reasons set forth below, the defendants’ motion is allowed.
DISCUSSION
Fruchtman relies upon G.L.c. 261, §27A, which defines “indigent” with respect to litigants who seek the waiver of court fees. This statute grants indigency status to:
(a) a person who receives public assistance under the Massachusetts Aid to Families with Dependent Children, General Relief or Veteran’s Benefits programs or receives assistance under Title XVT of the Social Security Act, or the Medicaid Program, 42 U.S.C. 1396, et seq., or (b) a person whose income, after taxes, is one hundred twenfy-five percent or less of the current poverty threshold annually established by the Community Services Administration pursuant to Section six hundred twenty-five of the Economic Opportunity Act, as amended, or (c) a person who is unable to pay the fees and costs of the proceeding in which he is involved, or is unable to do so without depriving himself or his dependents of the necessities of life, including food, shelter and clothing.
G.L.c. 261, §27A (a)-(c). Although Fruchtman applied for indigency status in this action under subsection (b), since he is incarcerated only subsection (c) is applicable. See Langton v. Pepe, No. 97-J-874 (Massachusetts Appeals Court, December 1, 1997) (Armstrong, J.), in which the court noted that subsections (a) and (b) should not apply to prison inmates because, “if they did, probably every inmate would qualify for treatment as an indigent, though he or she might have ample resources to pay the minimal costs of pro se litigation." Id. at 2. In considering Fruchtman’s indigency status, this Court therefore focused on whether he was capable of paying court fees without depriving himself of basic necessities.
Prior to the Appeals Court decision in Langton v. Pepe, Massachusetts courts had already determined that a plaintiff inmate will be denied indigency status if he cannot show a clear inability to pay the fees associated with filing a civil action. See Perito v. Correctional Medical Services, Civil Action No. 97-327 (Norfolk Super. Ct. July 31, 1997) (plaintiff inmate not “indigent” per §27A since Commonwealth provided his food, clothing and shelter) and Murphy v. Cruz, Civil Action No. 95-5659-B (Suffolk Super. Ct. April 25, 1997) (accord). In those actions, the court reviewed the plaintiffs inmates’ prison savings accounts, and deter *289 mined that at the time they filed their respective complaints, the inmates had sufficient funds in their accounts to pay the filing fees.
While Fruchtman’s account did not show a substantial balance at the time he filed his complaint in the present case, a review of his account history shows his periodic receipt of significant sums, including deposits of $10,889.42, $545.12, as well as several deposits over $100. Moreover, according to his own affidavit, Fruchtman owns a number of businesses, including a research and document retrieval service, an autobody shop, and a steak house, from which he still derives regular income.
Fruchtman contends that he deserves indigency status because he has child support obligations and also because the food, shelter and clothing provided by the Department of Correction is insufficient to sustain him. However, while there is evidence that Fruchtman has made alimony and/or child support payments to a number of women, as well as payments for insurance and lawyers, there are also a substantial number of disbursements for unnecessary items. His prison account shows that his “expenses” included the purchase of books, magazine subscriptions, clothing, sporting goods, gourmet coffee and business-related payments.
A request for indigency status will be denied if the court finds either that the plaintiff inmate was solvent at the time of his filing, or is “able to summon up cash from outside sources as he needs them.” Langton v. Pepe, No. 97-J-874 at 3; see also Longval v. Super. Ct., SJC-07613 (Supreme Judicial Court January 13, 1998) (inmate’s interlocutory appeal of order in requiring that he pay civil action filing fees denied); Langton v. Pepe, Civil Action No. 97-4319 (Middlesex Super. Ct. November 13, 1997). Clearly, Fruchtman has access to funds sufficient to pay the modest costs associated with initiating a civil action in the Superior Courts of the Commonwealth.
Furthermore, the waiver of filing fees for inmates who actually have sufficient income or adequate means of procuring income, would frustrate the purpose of G.L.c. 261, §27A. “The statutory grounds were intended to operate as rules of thumb for determining need, and it does no violence to the statutory purpose [of G.L.c. 261, §27A] to deny a waiver of fees where there is no need, although one of the statutory grounds is technically met.” Langton v. Pepe, No. 97-J-874 at 2. Fruchtman’s status as an indigent should be vacated, since he cannot demonstrate a clear inability to pay the required civil action filing fee.
Finally, Fruchtman contends that his constitutional right to access the courts would be violated if the Court denied him indigency status. In Bounds v. Smith, 430 U.S. 817 (1977), which Fruchtman cites in support of his argument, the Supreme Court stated that states must “forgo collection of docket fees otherwise payable," id. at 825, but conceded that “[t]his is not to say that economic factors may not be considered ... in choosing the methods used to provide meaningful access.” Id. (emphasis added). Waiver of filing fees is the exception, not the rule. In vacating Fruchtman’s indigency status, this Court would not be barring his access to the court; it would simply be requiring him to utilize his own available resources to do so.
ORDER
For the foregoing reasons, the Defendants’ Motion to Vacate Plaintiffs Indigency Status and to Stay Proceedings Pending Payment of a Filing Fee is ALLOWED.
Fruchtman shall, within thirty days of the date of this Order, send a check or money order in the amount of $185 payable to the Suffolk County Civil Clerk’s Office in payment of the civil action filing fee for this matter, or this action will be dismissed without prejudice.
It is further ORDERED that all proceedings in this action be stayed pending payment of the required filing fee.